UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE CO | CASE NO. 6:20-CV-00239 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| HYSTER-YALE GROUP INC ET AL | MAGISTRATE JUDGE CAROL B. WHITEHURST |

MEMORANDUM RULING

The present matter before the Court is the Motion for Summary Judgment [ECF No. 20] filed by Defendants Hyster-Yale Group, Inc., Hyster-Yale Materials Handling, Inc., and NACCO Materials Handling Group, Inc. (collectively, "Hyster-Yale"). No opposition to the Motion has been filed.

I.
BACKGROUND

On January 4, 2019, Michael Melancon ("Melancon"), an employee of Schilling Distributing Company, LLC, ("Schilling"), was injured while operating a Hyster B60 ZAC riding pallet jack, Unit 18 ("pallet jack") while performing his job duties at Schilling's facility in Lafayette, Louisiana.[1] The pallet jack was sold and shipped to Schilling by defendant Deep South Equipment Co. ("Deep South") in 2013. Hyster-Yale manufactured the pallet jack.[2] The injury to Melancon occurred when the pallet jack he was operating stopped suddenly, causing Melancon to fall forward from the machine. Plaintiff's expert, Jeremy Hoffpauir, opined that the "sudden stop

---

[1] Petition for Damages, ECF No. 1-2, ¶ V.
[2] *Id.*, at ¶¶ III – IV.

… was consistent with the lift truck's brakes being applied unexpectedly."[3] He further opined that the "wires of the regen brake switch and the brake switch … on the lift truck … were smashed and severed."[4] As a result, according to Hoffpauir, "the brake switch circuit lost continuity due to the wiring damage which resulted in the brakes being applied unexpectedly …."[5]

Plaintiff Nationwide Agribusiness Insurance Co. ("Plaintiff"), Schilling's worker's compensation carrier, commenced the present action to recover worker's compensation paid to Melancon due to his injuries.[6] The lawsuit was filed in the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana against Hyster-Yale and Deep South. The case was subsequently removed to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1441.[7]

## II.
## LAW AND ANALYSIS

### A.   Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[8] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[10] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues

---

[3] Affidavit of Jeremy Hoffpauir, ECF No. 31-2 at ¶5.
[4] *Id.* at ¶ 6.
[5] *Id.* at ¶ 7.
[6] *Id.*, at ¶ XXIII.
[7] ECF No. 1.
[8] Fed. R. Civ. P. 56(a).
[9] *Id.*
[10] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).

on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[11]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[12] "Credibility determinations are not part of the summary judgment analysis."[13] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[14]

### B. Louisiana Product Liability Act.

The Louisiana Products Liability Act ("LPLA") establishes the exclusive grounds for recovery against manufacturers for damage caused by their products.[15] To hold a manufacturer liable under the Louisiana Products Liability Act, a plaintiff must prove that (1) the product manufactured by the defendant possesses a characteristic which makes it unreasonably dangerous, (2) that the characteristic which makes the product unreasonably dangerous existed when it left the control of defendant, (3) that the characteristic which makes the product unreasonably dangerous proximately caused the plaintiff's damages, and (4) that the damage arose from a

---

[11] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[12] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[13] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[14] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).
[15] LSA-R.S. 9:2800.52; *Simon v. American Crescent Elevator Company*, 99-2058 (La. App. 4 Cir. 4/26/20); 767 So.2d 64, 68.

reasonably anticipated use of the product.[16] Plaintiff's Petition alleges only defects in the pallet jack's manufacture and design, and Plaintiff's Rule 26 Report is consistent with the Petition.[17] Accordingly, Plaintiff asserts no warranty or "failure to warn" claims.

Hyster-Yale contends that Plaintiff cannot prove two essential elements of its LPLA claim. First, Hyster-Yale argues that Plaintiff cannot prove that the injury resulted from a "reasonably anticipated use" of the product. Second, Hyster-Yale argues that Plaintiff cannot carry its burden of proof to demonstrate that a manufacturing or design defect existed at the time the pallet jack left its custody and control. To support its motion, Hyster-Yale submits evidence that, at the time of the accident, Mr. Melancon was not operating the pallet jack consistent with the operator's manual for the equipment,[18] nor was he operating the equipment according to the training provided by Schilling.[19]

Failure to prove that a plaintiff's damages arose from a reasonably anticipated use of an allegedly defective product is fatal to a claim under the LPLA.[20] As the Fifth Circuit has explained, "'reasonably anticipated use' is the threshold LPLA element," and "unless that threshold element is satisfied, a manufacturer does not have a legal duty to design its product to prevent such use."[21] Hyster-Yale has come forward with evidence that Melancon's operation of the pallet jack was not a reasonably anticipated use of the equipment, and Plaintiff has pointed to no evidence that creates genuine question of material fact on this issue.

---

[16] *Wicker v. Ford Motor Company*, 67 F. Supp. 2d 623, 624 (E.D. La. 1999).
[17] ECF Nos. 1 and 9.
[18] ECF No. 20, Exhibit C: Operator's Manual pp. 39,41.
[19] ECF No. 20, Exhibit E: Deposition Transcript of Michael Melancon, p. 25
[20] *Kampen v. Am. Isuzu Motors, Inc.*, 157 F.3d 306,309 (5th Cir. 1998); *see also, Johnson v. Black & Decker U.S., Inc.*, 701 So.2d 1360, 1366 (La.App. 2d Cir.1997); *Delphen v. Department of Transportation and Development*, 657 So.2d 328, 334 (La.App. 4th Cir.1995).
[21] *Matthews v. Remington Arms Co.*, 641 F.3d 635, 641 (5th Cir. 2011).

Next, Hyster-Yale has presented evidence that at the time of the accident, the pallet jack had been in use by Schilling for 5,772 operating hours and had never before experienced an issue with the braking system.[22] Hyster-Yale argues that Plaintiff cannot, as a result, prove that the pallet jack was unreasonably dangerous at the time it left the custody and control of Hyster-Yale. Plaintiff offers nothing to create a triable issue as to whether the pallet jack was unreasonably dangerous.[23]

In sum, the Court concludes that there is no genuine issue of material fact regarding Plaintiff's LPLA claim against Hyster-Yale. Accordingly, the Motion for Summary Judgment [ECF No. 20] filed by Hyster-Yale is **GRANTED** and the claims raised by Plaintiff against Hyster-Yale are **DISMISSED**.

THUS DONE in Chambers on this 26th day of July, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[22] ECF No. 20, Exhibit I: Report of Michael E. Rogers, P.E.11
[23] Hyster-Yale also contends that Plaintiff cannot prove proximate cause. [ECF No. 15, 18] Given that Plaintiff cannot establish the other essential elements of its LPLA claim against Hyster-Yale, the Court need not address this ground for summary judgment.